THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANTONIO HOLTON,<br>    Defendant<br><br>vs<br><br>UNITED STATES OF AMERICA,<br>    Respondant. | Civil No. RDB-12-2380<br>Crim. No. RDB-08-0553 |

### DEFENDANTS' REPLY TO GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO VACATE PURSUANT TO 28 U.S.C. §2255

Now comes, Antonio Holton, hereinafter, Defendant, pro se., to respectfully submit this Motion In Opposition to the Government's memorandum of law in opposition to this Defendants' motion pusuant to 28 U.S.C. § 2255.

### STANDARD OF REVIEW

In this cause, Defendant is proceeding pro se. A pro se litigants' pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519,520-21, 30 L.Ed.2d 652, 92 S.Ct. 594(1972); see also Estelle v. Gamble, 429 U.S. 97,106, 50 L.Ed.2d 251, 97 S.Ct. 285(1976), [A] court should make a reasonable attempt to read the pleadings to state a valid claim on which the defendant could prevail, despite the defendants' failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with the pleading requirements.

RECEIVED
IN THE CHAMBERS OF
RICHARD D. BENNETT

NOV 1 9 2012

UNITED STATES DISTRICT COURT

## STATEMENT OF FACTS

Defendant is 31 years old, and was charged with possession of a firearm by a previously convicted person, in violation of 18 U.S.C. §922(g)(1)). On August 19, 2010, following a three-day trial, a jury convicted Defendant of that single crime. A timely appeal was filed and denied. On December 14, 2010, this Defendant was sentenced to 24 years of imprisonment followed by 5 years of supervised release.

## ARGUMENT

When filing the instant §2255 petition, this Defendant went through great length not to challenge the government of the United States department of Justice, and only challenge the ineffectiveness assistance of his defense counsel, Malik K. Edwards, Esq.

For the most part, the governments Memorandum of Law in Opposition to this Defendants' §2255 is a replay of the Defendants three-day trial. The government presents that this Defendant fired a shot at officer Jared Fried yet this Defendant was not charged with the capital crime of attempted murder of a law enforcement officer. Defendant avers that if any criminal attempts to murder a police officer by firing a gun at that officer, that criminal will be killed, however, if that criminal survives such an encounter he will be charged with attempted murder, and prosecuted to the full extent of the United States Justice Department. This Defendant was not charged because the allegation was not true and the government did not accept officer Fried's version of the events. Clearly, this Defendant would have been charged with at a minimum assault on a police officer, but no charges were presented.

The government presented in its Memoradum the testimony of Officer Angela Choi, whose testimony is exculpatory for this Defendant, Officer Choi testified that she did not see this Defendant with a gun, that she heard shots but does not testify as to how many shots were fired. She stated that when she arrived at the scene she did see a gun laying on the ground but it was not within reach of this Defendant. The government also included the tesitmony of various forensic witnesses, who also presented exculpatory testimony, stating that the DNA evidence found on the gun excluded this Defendant. Finally, with respect to officer Frieds' testimony, officer Fried stated that he fired 10 shots at point blank range (within 6 feet) striking this Defendant only twice. Officer Fried is a highly trained, professional and seasoned police officer, but having to fire so many shots at point blank range, sending 8 stray bullets out into the community which could have struck and killed an innocent person, clearly calls into question the professionalism of officer Fried and his respect and concern about the community at-large.

The governments' memorandum also makes mention of this Courts' inquiry of the Defendant about whether he wished to testify. The Defendant declined to testify, however the Defendant declined based on the erroneous advice he recieved from his defense counsel. The Court also asked this Defendant if he was satisfied with his defense counsel. Defendant stated that he was satisfied with his counsel at that particular junction of the criminal proceedings. Defendant believed at that time that his defense counsel was effective, but once the jury found this Defendant guilty due to a number of oversights by Mr. Edward, this Defendant was extremely not satisfied with Mr. Edwards.

## CLAIMS IN THE MOTION TO VACATE

In the Governments' Opposition memorandum, the government concedes that all of the Defendant's claim are grounded in Sixth Amendment claims of ineffective assistance of counsel. Clearly, this Defendant did not attack or challenge the United States of America, the Defendant challenged the ineffectiveness of assistance that was provided him by his defense counsel. This Circuit and the Supreme Court have long held that the only fair way to resolve a conflict between an attorney and his client is by evidentiary hearing. Here, the government, sua sponte, has decided to defend my defense counsel, without ever contacting Mr. Edwards in order to obtain a affidavit or to seek his approval to represent him. This act by itself violates the Due Process Clause of our Constitution.

Defendant made four claims of ineffective assistance of counsel; (1) Defense counsel was ineffective for failing to investigate the law including the elements of the crime necessary to substain a conviction. The government states in its Memorandum that the Defendant attacked the government's evidence, that position is incorrect. Mr. Edwards deficient performance due to lack of experience played a major role in his ineffectiveness. Defense counsel failure to follow the preagreed upon defense theory and his failure to present a colorful argument to the jury led to this Defendants' conviction. For example, Officer Fried stated that this Defendant fired one shot at him..and that he fired 10 shots in return. I then instructed Mr. Edwards to question the crime scene officers as to how many shell casings were found on the scene. Mr. Edwards responded, "thats irrelevant". I disagreed with him, the jury needed to know all the facts. If only 9 shell casing were found, then the shadow of doubt would have clearly cloaked the governments case.

(2)  In the governments memorandum of opposition, the government states, "[t]he defendant claims that he was adjudicated as Armed Career Criminal due to the counsel's error." (See Exhibit A)  This statement is totally incorrect.  This Defendant did not use the term Armed Career Criminal anywhere in Ground Two.  The actual claim of ineffective assistance of counsel was based on the fact that Mr. Edwards failed to realize that he was basing his objections to information in the Presentence Report(PSI) on a PSI that was obsolete.  In fact, Mr. Edwards, never reviewed the final PSI until this Court made him aware of his issue during this Defendant's sentencing.  Mr. Edwards' use of inaccurate information rendered his arguments and objections frivilous.  Clearly, there is a 'reasonable probability' that but for counsel's unprofessional errors, the result of the sentencing proceedings would have been different.  Finally, as to Ground Two, the government intentionally presented false and inaccurate information to this Honorable Court, generally this is called 'fraud upon the court' however this Defendant's legalese in not proficient enough to make that claim, but this Defendant does respectfully request that the Court make note of the governments' conduct.

(3)  In the governments memorandum of opposition, the government states, [t]he defendant claims that his attorney was ineffective for failing to impeach one of the prosecution witnesses about alleged prior involvement of that law enforcement witness in the death of a suspect on an earlier occasion."  The government goes on to state that, the Defendant provides absolutely no evidence whatsoever that the officer actually contributed to this prior tragedy; no evidence that this prior incident would have been admissible during the trial; and no evidence that the incident

would have impacted the jury's verdict. In response, the Defendant states that Mr. Edwards failure to introduce evidence that seriously attacks the character and believability of Officer Jared Fried. Officer Fried was the only government witness who allegely saw this Defendant with a gun; officer Fried was the officer how tried to kill this Defendant; and in fact it was the testimony of Officer Fried that lead to this Defendants' conviction. The evidence concerning Officer Fried's conduct in the Baltimore area and specifically in Black communities, would clearly shed a different light on Officer Fried and the believability of his testimony. The government goes on to claim that the evidence about Officer Fried would not be admissable and would not have impacted the jury's verdict. The governments position is incorrect. The government need be reminding that in 1994 a highly charged and internationally viewed case hinged on the believability of one police officer. The defense introduce evidence that attacked that officer's credibility. The defense was successful...the defendant went free and was found not guilty. The police officer was Mark Furman and the defendant was O.J. Simpson. In this case, clearly, Mr. Edwards failure to introduce evidence demonstrating the misconduct and bad character of Officer Fried was and did contribute to Mr. Edwards ineffectiveness. (See Exhibit B & C)

(4) Finally, the government asserts that this Defendants' challenge to his Armed Career Criminal determination was meritless, and not a mistake of counsel by (Defendant) defense counsel. Again, the government has mistated this Defendants' claim. This Defendants' claim was based on Mr. Edwards failure to understand the elements necessary to determine this defendant a Armed Career Criminal. In this case, the government

6

that possession of a burglary tool, 2nd degree assault, and possession of marijuana were qualifying prior criminal acts that support a ACC determination. Here, Mr. Edwards should have known in determining this Defendant to be a ACC candidate, the sentencing court must look beyond the fact of conviction, and the elements of the crime, and analyze whether the particular offense was a violent felony, which clearly two of these offenses are not (violent felonies). Further, during Defendants' sentencing proceeding the court asked Mr. Edwards three times, "What is your challenge ?" Mr. Edwards failed to answer each time because he was unprepared and did not have the proper documentation with him to address the issues being presented. Mr. Edwards performance fell far below what one could expect from a criminal defense attorney. This Defendant continues to maintain that but for the cumlatives errors of Mr. Edwards, the out come of the preceeding could have been different.

## CONCLUSION

For all the reasons herein and for any other reasons this Honorable Court deem appropriate, Defendant respectfully request that the Court deny the Governments Motion to Dismiss; GRANT Defendants request for an Evidentiary hearing; and appoint Defendant counsel in order to avoid the risk of constitutional error.

Respectfully Submitted,

Antonio Holton, Pro Se
Fed.No. 43977-037
USP Allenwood - POB 3000
White Deer, Pa., 17887

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Defendant's Reply to the Governments' Opposition Memorandum was mailed first class postage prepaid to Michael C. Hanlon, AUSA, U.S. District Court, 36 S. Charles Street, 4thFl, Baltimore, Md. 21201, on this 14 day of November 2012.

> Antonio Holton - Pro Se
> Fed.No.  43977-037
> USP Allenwood - POB 3000
> White Deer, Pa., 17887